UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS J. LOPEZ,

      Petitioner,

v.                                    CASE NO. 6:11-cv-1274-Orl-31GJK
                                               (6:08-cr-212-Orl-31GJK)

UNITED STATES OF AMERICA,

      Respondent.

_____

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Carlos J. Lopez (Doc. No. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. No. 10). Thereafter, Petitioner filed a reply (Doc. No. 11).

Petitioner alleges two claims for relief: trial counsel was ineffective for (1) failing to communicate his proffer to the Government in order to obtain a more favorable plea; and (2) threatening him during an off-the-record conversation held prior to trial. As discussed hereinafter, the Court finds that Petitioner is not entitled to relief.

**I.**      ***Procedural History***

Petitioner was indicted on seven counts of health care fraud in violation of 18 U.S.C. § 1347 (counts one through seven), seven counts of knowingly and willfully making

materially false, fictitious, and fraudulent statements, representations, writings, and documents in connection with the delivery of and payment for health care benefits, items, and services in violation of 18 U.S.C. § 1035 (counts eight through fourteen), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (counts fifteen and sixteen) (Criminal Case 6:08-cr-212-Orl-31GJK, Doc. No. 31).[1]  A jury trial was held on February 2, 3, and 4, 2009 (Criminal Case Doc. Nos. 51, 56, & 59).  The jury convicted Petitioner as charged (Criminal Case Doc. No. 62).

A sentencing hearing was held on April 28, 2009 (Criminal Case Doc. No. 81).  The Court entered a Judgment in the criminal case that same day, dismissing count four and sentencing Petitioner to thirteen concurrent terms of forty-eight months in prison for counts one through three and five through fourteen, to be followed by three years of supervised release, and to two twenty-four month terms of imprisonment for counts fifteen and sixteen, to be followed by one year of supervised release (Criminal Case Doc. No. 85).  The sentences for counts fifteen and sixteen were ordered to run consecutively to the sentences on the other counts.  *Id.*  Petitioner appealed, and the Eleventh Circuit Court of Appeals *per curiam* affirmed Petitioner's judgment and sentences (Criminal Case Doc. No. 122).

## II.    *Legal Standard*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668

---

[1]Hereinafter Criminal Case No. 6:08-cr-212-Orl-31GJK will be referred to as "Criminal Case."

(1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

3

### III.  Analysis

#### A.  Ground One

Petitioner alleges trial counsel was ineffective during plea negotiations for failing to communicate his proffer and "counter-offer" to the Government in order to obtain a more favorable plea (Doc. No. 5 at 31).  In support of his claim, Petitioner alleges that but for counsel's actions, he would have:

> been able to enjoy meaningful plea negotiations had AUSA [sic] become aware of Lopez' proffer. But for Attorney Counts' failure to transmit Lopez' written proffer to AUSA Ho; [sic] Lopez would have in fact accepted a plea deal wherein he could have been eligible for a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and if Lopez [sic] cooperation would have been fruitful for the government an additional departure under U.S.S.G. 5K1.1 from a recommended 28 points thereby in the least; exposing Lopez to a sizeable reduction in Lopez' sentencing guideline range even when factoring in the consecutive 24 month sentence for aggravated identity theft.

*Id.* at 32.

On October 20, 2008, the Government offered to resolve Petitioner's case pursuant to a plea agreement (Criminal Case Doc. No. 63, Exhibit 2).  The plea did not contain an agreement as to any sentence but did contemplate Petitioner proffering information to the Government. *Id.* The Government required Petitioner to sign the agreement by December 11, 2008, after which the proffer could then take place. *Id.* The Government memorialized the offer in a November 20, 2008, letter. *Id.*[2]  Clarence Counts ("Counts"), Petitioner's

---

[2]At a status conference on November 20, 2008, Petitioner moved for a continuance of his trial from December to January (Criminal Case Doc. No. 20).  The Court granted the motion and re-set the trial on January 5, 2009 (Criminal Case Doc. No. 21).

Assistant Federal Public Defender, forwarded the letter to Petitioner on November 24, 2008. *Id.*

On December 11, 2008, at 4:28 p.m., Richard N. Clarvit ("Clarvit), through his law clerk, emailed Lisa Darnell, Counts' secretary, regarding the Government's plea offer (Criminal Case Doc. No. 63, Exhibit 1).[3]   The email states that Clarvit had gathered information from Petitioner regarding the criminal case and compiled this information in an effort to make a proffer to the Government. *Id.* The email further states "the goal is to seek more time so that Mr. Counts can become more familiar with what we are sending to be used to get a better plea . . . ." *Id.* Attached to the email was a typed document that included information given by Petitioner regarding the individuals who were purportedly responsible for the crimes. *Id.* Petitioner did not sign and send the plea agreement to the Government on December 11, 2008.

At a status conference on December 16, 2008, defense counsel advised the Court that the case would be resolved by trial, and he moved for a continuance until the February trial term (Criminal Case Doc. No. 22).  That motion was granted and the trial was continued until February 2, 2009 (Criminal Case Doc. Nos. 23, 37).[4]

On the morning of the trial, Petitioner filed a motion for continuance and substitution of counsel, arguing that Counts had failed to adequately represent him in the

---

[3]Clarvit represented Petitioner's wife on an immigration matter. *Id.*

[4]The Government filed a First Superseding Indictment on January 14, 2009 (Criminal Case Doc. No. 31).

criminal proceedings (Criminal Case Doc. No. 48).  Clarvit entered a limited notice of appearance for the purpose of arguing Petitioner's motion (Criminal Case Doc. No. 49).  Clarvit argued that Counts failed to present Petitioner's proffer to the Government, and thus, the Government "was under the belief that the defendant was ignoring the plea agreement" (Criminal Case Doc. No. 109 at 3).  Clarvit also argued that Counts had acted deficiently by only meeting with Petitioner on three occasions prior to trial.  *Id.* at 4.  This Court noted that "this motion . . . is made later than the eleventh hour. . . . No one until this morning has brought to my attention any dissatisfaction with Mr. Counts' representation."  *Id.* at 5.

In light of the allegations made by Petitioner, Counts moved to withdraw from representation.  *Id.* at 6.  Counts also asserted that he had investigated the case and was prepared to go to trial.  *Id.* at 7.  Counts further stated he had discussed the plea agreement with Petitioner, and Petitioner made the decision to reject the Government's plea offer.  *Id.* Specifically, Counts told the Court that on December 16, 2008, he discussed the email from Clarvit and the plea with Petitioner, and Petitioner "made the decision to proceed to trial." *Id.* at 102.  Clarvit disputed Counts' representations and stated Petitioner was willing to enter a plea.  *Id.* at 108-10.  The Court gave Petitioner an opportunity to testify regarding the matter, however, Petitioner declined to testify.  *Id.* at 110-11.

This Court denied Petitioner's motion,[5] stating the following:

---

[5]Clarvit was, however, allowed to participate in the trial as co-counsel with Counts (Criminal Case Doc. No. 50).

You waited until the day the plea agreement was due before communicating with Mr. Counts. The record reflects Mr. Counts did address the matter promptly and consulted with his client and his client decided that he wished to proceed to trial. Your motion is based on the assumption or speculation that the government is willing to negotiate a plea agreement and that a plea agreement can be agreed upon. Well, you all can keep negotiating all you want, but from what I can tell, there's no plea agreement on the table, no offer by the government, and its purely speculative as to whether any such agreement would have been reached or whether I would approve it.

. . .

At a status conference on December 16 the defendant again moved for a continuance, and the court was advised by counsel at that time that the case would proceed to trial, which does support Mr. Counts' version of the facts that by the 16th a decision had been made by the client to proceed to trial, the plea deadline having passed by almost a week.

. . .

You have known since December 11 about this problem and you wait until February 2 to bring it to my attention?

*Id.* at 111-13. Petitioner raised the instant claim on direct appeal. The Eleventh Circuit Court of Appeals declined to address the claim and advised Petitioner to raise it in a motion to vacate, set aside, or correct sentence (Criminal Case Doc. No. 122).

First, it has not been established that Counts was deficient in the plea bargaining process. Furthermore, even if one assumes that Counts failed to communicate Petitioner's proffer and counteroffer to the Government, Petitioner has not shown prejudice.

Petitioner merely speculates that had Counts given this information to the Government it would have resulted in a successful plea negotiation and subsequent substantial assistance motion. But the Government is not under any obligation to negotiate a plea bargain or accept any counteroffer. *See United States v. Palmer*, 809 F.2d 1504, 1508

7

(11th Cir. 1987) ("A myriad of facts enter into plea bargaining decisions, and the decision to reject a proposed deal is entirely within the prosecutor's discretion.").  And a motion under U.S.S.G. § 5K1.1 is entirely within the discretion of the Government.  *See Wade v. United States*, 504 U.S. 181, 185 (1992).  Thus, Petitioner's contention is entirely speculative, and speculative allegations do not warrant relief under  section 2255.  *Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (to warrant an evidentiary hearing or relief, a petitioner must proffer more than conclusory allegations) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).  Accordingly, this claim is denied.

### B.    Ground Two

In his second claim Petitioner alleges that trial counsel rendered ineffective assistance by threatening him during their off-the-record conversation on the morning of trial (Doc. No. 5 at 33).  Although the conversation may have been heated, the threat alleged by Petitioner appears to be Counts' advice concerning the consequences of his proposed testimony (*i.e.*, perjury).  Such advice is not a threat; indeed Counts would provide a disservice to his client if he were not so advised.

Furthermore, as noted *supra*, it is speculative to conclude that a favorable plea bargain would have resulted from Petitioner's testimony on February 2, 2009.  The Government's plea offer had expired almost two months before, and the Government showed no interest in pursuing Petitioner's belated attempt to avoid trial.  Thus, even if Petitioner had testified and the Court credited Petitioner's version of events, there is no

8

basis to conclude that the result would have been any different.  Moreover, Petitioner maintained his innocence throughout trial and sentencing (Criminal Case Doc. Nos. 106, 110, & 111), so the Court affords little weight to his claim that he would have entered a guilty plea. *See Oliver v. United States*, 292 F. App'x 886, 887-88 (11th Cir. 2008) (finding the petitioner had failed to demonstrate prejudice where counsel allegedly failed to convey a plea offer because the petitioner maintained his innocence throughout the trial and sentencing).  Accordingly, the Court finds this claim to be without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:08-cr-212-Orl-31GJK and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 124) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[6]   Accordingly, a certificate of appealability is **DENIED** in this case.

       **DONE AND ORDERED** at Orlando, Florida, this 28th day of February, 2013.

                                         **GREGORY A. PRESNELL**
                                    **UNITED STATES DISTRICT JUDGE**

Copies to:
OrlP-3 2/28
Carlos J. Lopez
Counsel of Record

---

[6]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.